# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VICTOR CASTRO,** | 1: 06 CV 01550 AWI WMW HC |
| **Petitioner,** | **MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| **JAMES YATES,** | [Doc. 9] |
| **Respondent.** | |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. Pending before the court is Respondent's motion to dismiss.

**PROCEDURAL HISTORY**

On October 22, 1998, Petitioner was convicted of corporal injury on a spouse with an arming enhancement. The trial court sentenced Petitioner to a determinate state prison term of 8 years. Petitioner did not file a direct appeal.

Petitioner subsequently filed the following three pro se post-conviction collateral challenges:

<u>First Petition</u>

October 20, 2005:   Petition for writ of habeas corpus filed in California Supreme Court

November 16, 2005:   Petition denied

<u>Second Petition</u>

November 8, 2005: Petition for writ of habeas corpus filed in California Supreme Court

March 15, 2006: Petition denied

Third Petition

February 21, 2006: Petition for writ of habeas corpus filed in California Supreme Court

March 15, 2006: Petition denied, citing, inter alia, In re Robbins, 18 Cal.4th 770, 780 (1998).

Petitioner filed the present action on March 15, 2006.

## LEGAL STANDARD

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the Tulare County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will

1  not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or
2  involved an unreasonable application of, clearly established Federal law, as determined by the
3  Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable
4  determination of the facts in light of the evidence presented in the State Court proceeding." 28
5  U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth
6  Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120
7  S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court
8  concludes in its independent judgment that the relevant state-court decision applied clearly
9  established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather,
10 that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

**DISCUSSION**

Respondent moves to dismiss this petition on the ground that it is barred by the statute of limitations. Petitioner has not responded to the motion to dismiss.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

 (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

  In this case, Petitioner did not file a direct appeal from his conviction. Therefore, the time to seek direct review ended upon the expiration of the 60-day period following the imposition of sentence in which Petitioner which Petitioner had to file his appeal, i.e., December 21,1998. The one-year statute of limitations began running the following day, on December 22, 1998. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Thus, absent tolling, the last day to file a federal petition was December 22, 1999.

  Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In this case, Petitioner did not file a state petition for collateral review until October 20, 2005, long after the statute of limitations had expired . Because the limitations period had already expired, the collateral challenge had no tolling consequence. Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to tolling where the limitations period has already run); see also Webster v. Moore, 199 F.3d 1256 (11th Cir.2000). Thus, absent equitable tolling, this petition is untimely.

  The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814, 118 S.Ct. 60, 139 (1997); Calderon v.

United States Dist. Court (Beeler), 128 F.3d 1283,1288 (9th Cir.), *overruled in part on other grounds by*, Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (*en banc*) (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir.1999), *citing* Kelly, 163 F.3d at 541; Beeler, 128 F.3d at 1288-1289.

      Petitioner has not responded to Respondent's motion to dismiss and therefore has not made an argument for equitable tolling through that means.  The court's review of Petitioner's petition also reveals no basis for equitable tolling.  Therefore, the court finds that equitable tolling of the statute of limitations is not warranted in this case.  The court must therefore conclude that this petition is untimely and barred by the statute of limitations.

**ORDER**

      Based on the foregoing, IT IS HEREBY ORDERED as follows:

1)    Respondent's motion to dismiss is GRANTED;

2)    This petition for writ of habeas corpus is DISMISSED as barred by the statute of limitations;

3)    The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

**Dated:**   **February 25, 2008**                /s/ **Anthony W. Ishii**
                                                      UNITED STATES DISTRICT JUDGE